## BUSH vs. GLOVER.

[STATUTORY ACTION FOR RECOVERY OF LAND.]

1. *Complaint; necessary averments of.*—A complaint in an action for the recovery of land, whether under the statute or at common law, must allege that the plaintiff was in possession of the premises sued for, (describing them,) and that, a'ter his right accrued, the defendant entered thereupon, and unlawfully withholds and detains the same. If it fails to do this it is bad on demurrer.—Rev. Code, § 2611; Rev. Code, Forms, p. 677.

2. *Judgment by default, rendered since the war on summons issued and served during the war, not a nullity.*—A judgment of a circuit court of this State, rendered on 3d September, 1866, during the existence of the provisional government, founded upon a summons issued from a rebel court in this State on the 8th day of February, 1861, and served upon the defendant by the rebel authorities, though such judgment be taken by default, is not a nullity.

3. *Sheriff's sale; validity of under such judgment.*—A sale of lands made by the sheriff under authority of an execution issued on such a judgment, and regularly conducted, is valid, and the sheriff's deed conveys to the purchaser such title as could pass by the sale.

4. *Charge ; if asked for in writing, should be given or refused.*—The right to have a written charge given or refused is peremptory, and it leaves no discretion in the court, and the judge should do his *duty* as prescribed.—Rev. Code, § 2756.

APPEAL from Circuit Court of Choctaw.
Tried before Hon. LUTHER R. SMITH.

The facts are sufficiently stated in the opinion.

SMITH & SMITH, and WALKER & MURPHEY, for appellant. The demurrer to the complaint should have been sustained, on account of its non-conformity to the form laid down in the Revised Code, p. 677.

The judgment rendered September 3, 1866, in favor of *Hale, adm'r, v. McLean et al.*, is void. It is a judgment by default rendered after the war, upon a summons issued February 8, 1861, and executed February 12, 1861, by the sheriff of Choctaw county. The clerk issuing, and the sheriff serving the summons, must be regarded in the light of officers of a foreign government; and as there was no appearance, it is void.—*Bibb & Falkner v. Avery*, 45 Ala. 791.

It was also void because rendered in favor of an administrator appointed by the judge of probate of Choctaw county in 1863.—*Bibb & Falkner v. Avery, supra*. The judgment being void, all proceedings subsequent thereto are void.

For a portion of the lands appellant had only a bond for titles, not having paid the purchase-money. This land was not subject to execution, and it was competent for appellant to show that fact.—*Cook & Hardy v. Webb*, 18 Ala. Rep. 810; *Wilson v. Beard*, 19 Ala. R. 629; *You v. Flinn*, 34 Ala. 409.

GLOVER & COLEMAN, with whom were BROOKS, HARALSON & ROY, *contra.*—A plaintiff in ejectment must prove—1st, that he had the legal estate in the premises at the time of the demise laid in the declaration, and the right of equity; and, 2d, that the defendant was in possession at the time of the service of the writ in ejectment.—2 Greenl. Ev. § 319.

The legal estate of the plaintiff in the lands sued for is shown in the judgment rendered, execution thereon, levy, the sheriff's deed to the lands, and the possession of the defendant. These are sufficient.—*Ware v. Bradford,* 2 Ala. 676; *Levi v. Powell,* 5 Ala. 58; *Smith v. Houston,* 16 Ala. 111; *Cook & Hardy v. Webb,* 18 Ala. 812; 4 Wheat. 506; 4 Curtis, 455; 16 Ala. 642.

Appellant's objection to the validity of the judgment can not be sustained, for it was rendered by a competent court; nor can his objection to the execution thereon, or the sheriff's deed, be allowed.—Ord. 26 Const. Conv. 1865, § 1, Rev. Code, p. 58; *Powell v. Boone & Booth,* 43 Ala. 460.

Besides, proof of the judgment was unnecessary; it was sufficient to show the execution and the sale under it. If the execution was not supported by a proper judgment, defendant should have moved to set it aside; otherwise, the presumption is in favor of its regularity.—3 Greenl. Ev. § 316; 6 Ala. 224; 2 Ala. 282; 13 Ala. 289; 22 Ala. 365; 39 Ala. 131.

And the sheriff's deed, in like manner, can only be avoided by timely application to have the sale set aside for fraud or irregularity; it can not be collaterally attacked. *Hubbard v. McCullom,* 6 Ala. R. 221; *Ware v. Bradford,* 2 Ala. 682; *McKaskill v. Lee,* 39 Ala. 131; 19 Ala. 194; 16 Ala. 522; 5 Ala. 55.

Plaintiff, by showing his title to the property, also shows his right of entry. The possession by appellant of the property at the time of the judgment and levy, raises the presumption of ownership in him; the law will not presume him a trespasser.

The plea of not guilty is an admission of possession at the time the suit was commenced.—Rev. Code, § 2614; *King v. Kent's Heirs,* 29 Ala. 555.

Defendant may show that he holds a bond for titles only, and that he has paid only a part of the purchase-money; but if he holds such a bond, and has paid *all* the purchase-money, he has a perfect equity, and it is subjected to execution.—Revised Code, § 2871; *Cook & Hardy v. Webb,* 18 Ala. 813.

12

If defendant is aggrieved, he has his remedy against the sheriff.—6 Ala. 224; 2 Ala. 682.

After the sale, defendant's entire interest in the property is gone, except the right to redeem.—27 Ala. 193; 34 Ala. 415; 5 Ala. 727; 2 Port. 482.

That defendant had such an interest in the property as is subject to levy and sale, may be shown by possession and acts of ownership.—18 Ala. 812.

The evidence fully sustains it in this case; the charge of the court on this point was specific, and the finding of the jury in strict accordance with the law and the charge given.

PETERS, J.—This is a statutory action for the recovery of land, in the nature of action of ejectment. The suit is brought on a title derived from a sheriff's deed. The complaint was demurred to. The statement of the cause of action is in the following words: "The plaintiff *sues* to recover the following tracts of land: The north half of north-east quarter of section twenty-three, the north half of the north-west quarter of section twenty-three, the east half of the north-east quarter of section twenty-two, the south-west quarter of the south-east quarter of section fourteen, the east half of the south-west quarter of section fourteen, the north-west quarter of the south-east quarter of section fourteen, all in township twelve, range two, west, which lands were sold under an execution against the said defendant, as his property, by the sheriff of Choctaw county aforesaid, and purchased by the plaintiff; which said lands the said defendant unlawfully withholds from the plaintiff, and detains the same, together with five hundred dollars for the detention thereof." The grounds of demurrer were, the complaint did not allege "that the plaintiff was in possession of the land, according to the form laid down in the Code," and that the complaint was "otherwise informal and insufficient." This demurrer was overruled. And the defendant pleaded not guilty, and went to trial by a jury on this plea. It further appears from a bill of exceptions taken on the trial below, that the plaintiffs derived their title to the land in controversy from

a sheriff's deed, made under authority of an execution issued on a judgment of the circuit court of Choctaw county, in this State, rendered at the fall term thereof, on the third day of Sptember, 1866.   This judgment was by default.   And it appeared from the record, that the only notice which the defendant had of the proceedings, was the service of a summons purporting to have been issued out of the circuit court of said county of Choctaw, on the 8th day of February, 1861, upon a complaint founded on a promissory note made on the 1st day of January, 1859, and payable on the 1st day of January, 1860, for the payment of $385.   It also appeared that the plaintiff in said suit had died after the commencement of the same, and that it had been revived on the day judgment was rendered in the name of his personal representative, who had been appointed as such representative by the rebel probate court sitting in said county of Choctaw in 1863.   And for these reasons, the judgment of the 3d of September, 1866, was objected to by the defendant in this suit, on the trial below; but the objection was overruled by the court, and the said defendant excepted.   There were many other objections made during the trial, and reserved in the bill of exceptions, which need not be more particularly enumerated.   On the trial below there was a verdict and judgment for the plaintiffs, and the defendant in that court brings the case here on appeal.

The demurrer to the complaint will be first considered. This is an action for the recovery of the possession of lands, instituted under the statute.   In such case, the Code directs how the suit shall be brought, and prescribes that in such cases, the law now in force in relation to actions of ejectment, except so far as relates to the fictitious proceedings therein, or except so far as the same is changed by the Code, is applicable thereto.—Revised Code, § 2610. In this statutory action, it is sufficient for the plaintiff to allege in his complaint, *that he was possessed of the premises sued for*, describing the same by its description at the land office; or when that can not be done, by metes and bounds, or other appropriate designation, *and that after his right*

*accrued, the defendant entered thereupon,* and unlawfully withholds and detains the same.—Revised Code, § 2611. The language in *italics* is carried into the form of complaint prescribed in the schedule of forms appended to the Code. The form there given is as follows: "The plaintiff sues to recover the following tract of land : ——, *of which he was possessed before the commencement of this suit, and after such possession accrued, the defendant entered thereupon,* and unlawfully withholds and detains the same, together," &c.—Revised Code, p. 677, App. of Forms. A comparison will show that the portion of the statute and the above cited form printed in *italics* is left out of the complaint in this case. Such a defective complaint does not bring the statement of facts necessary in such a pleading within the requirements of the statute, either in words or in sub-stance. It is therefore insufficient.—Revised Code, § 2629. The complaint also fails to show that the lands sued for are situated in this State, with any technical degree of certainty. The demurrer ought, therefore, to have been allowed, and the court erred in overruling it. Nor is the complaint in this case sufficient as a declaration at common law in an action of ejectment.—1 Chit. Pl. p. 187, marg.; 2 ib. pp. 877, 878 ; 3 Bla. Com. p. 199, marg.; 3 ib., app. No. II, p. 356; Rev. Code, § 2621.

The question next of importance is the character of the judgment of the circuit court of September 3d, 1866. I have constantly felt very grave difficulty in coming to the conclusion that the courts, without legislative authority, could give validity to the acts of any department of the illegal government maintained in this State during the supremacy of the late rebellion. The courts of this country can only know the governments of the States which have been legally constituted, or which have been accepted and ratified as such, by the rightful power of the people, appointed by them for that purpose. They must wait until the legislative and executive authority have declared what is lawful and what is unlawful, before they can enforce the former and suppress the latter. Their power is solely to enforce the law, and not to make it. And the authority by

Bush v. Glover.

which a government is constituted and its duties carried into execution, is a law—the supreme law of the State.

But in the case of *Martin v. Hewitt*, 43 Ala. 418, the principles settled by this court recognize some validity in the judgments of the rebel courts. And the ordinance No. 39 of the convention of this State of 1867 leaves these judgments in force, if no new trial is applied for within twelve months from the adoption of this ordinance. Pamph. Acts, 1867, pp. 186, 187. This time is extended by the act of the general assembly of this State of October 10, 1868, until the 26th day of June, 1869. These decrees of the rebel courts are thus treated by the legislative authority of the rightful State government *as judgments*. They are not denounced as wholly void adjudications, but they are adopted as "judgments," subject to be opened, and as furnishing the basis of "a new trial."—Pamph. Acts, 1868, p. 269, No. 48. Then, if these decrees are of any force, as it is thus settled that they are, the process on which they depend can not justly be declared to be of no avail and utterly worthless for any purpose. This process is sufficient to show the facts, if uncontradicted, that the defendant had notice of the proceedings, upon which the judgment rests. The issuance and service of the process from the rebel courts is at least *prima-facie* evidence of notice to the defendant, and if it is permitted to remain without objection until after the judgment in the court of the legal and rightful government, it can not justly be regarded other than an irregular and defective process of notice, and if the defendant does not object to it before judgment in the rightful court, he must be held to waive exception to the jurisdiction, exercised in this way by the rightful and legal court. Therefore, a judgment based upon notice given on such a process can not, for that reason alone, be treated as void.

Then, the validity of the judgment of the circuit court of September 3, 18J6, depends upon the rightful exercise of its jurisdiction. Jurisdiction is declared to be the power to hear and determine a cause pending before the judicial officer appointed to hear and to determine it. "It

is *coram judice* whenever a case is presented which brings this power into action." "Any movement of the court," which it is authorized to take, " is necessarily an exercise of jurisdiction."—*Grignon's Lessee v. Astor*, 2 How. 319, 338 ; *United States v. Aredondo*, 6 Pet. 691, 709 ; *Ex parte Tobias Watkins*, 3 Pet. 193 ; *Kendall v. United States*, 12 Pet. 524, 718 ; *Fourniquet v. Perkins*, 7 How. 160 ; *Doe v. Eslava*, 9 How. 421 ; *Sargeant v. State Bank of Indiana*, 12 How. 371 ; *Williams v. Gibbs*, 17 How. 239. Where the court has authority to hear the parties, and to give judgment on the subject matter in controversy between them, the right of jurisdiction is complete and perfect, and its judgment, in such a case, can not be collaterally impeached or inquired into. If assailed at all, it must be done, generally, by a direct proceeding on writ of error or appeal, or for fraud, or what amounts to fraud.—*Miller v. United States*, 11 Wall. 268 ; *Ludlow v. Ramsay*, 11 Wall. 581 ; *Cooper v. Reynolds*, 10 Wall. 308, 315 ; *Satcher v. Satcher*, 41 Ala. 26, and cases above cited. It has already been shown that the notice to the defendant was not void, and if unobjected to, it brought him within the jurisdiction of the court. And there is no question of the power of the court over the subject matter of the controversy. The judgment is final. It concludes the controversy between the parties.—Bingh. on Judgments, p. 12. The court below did not, then, err in giving it this effect.—*Griffith et al. v. Bogert et al.*, 18 How. 158 ; 10 Pet. 449.

A single other point needs to be noticed before this opinion is concluded. It does not appear that the charges asked by the defendant on the trial below, were "moved for in writing." When this is not shown, this court will not presume, against the correctness of the action of the court below, that they were so moved for in writing ; and if they were not, the court might justly refuse them.—Rev. Code, § 2756. In such case, the correctness or incorrectness of the charges asked will not be considered. But if the charges are moved for in writing, the court is bound to give or refuse them ; and it is the duty of the judge to write "given" or "refused" on the document containing

the charge, and sign his name thereto, and the written charge thus becomes a part of the *record* in the case, and may be taken by the jury with them on their retirement. Rev. Code, § 2756. If the court fails to do this, it is error. It is the right of the party moving for charges in writing, and the court has no discretion to defeat it.—*Miller v. Hampton*, 37 Ala. 342; *Polly v. McCall*, 37 Ala. 20; *Edgar v. The State*, 43 Ala. 45, 53. The statute is peremptory, and must be obeyed. The charges, whether given or refused, raise no question on the statute of exemptions, and that statute is not discussed in this opinion.

For the error first above pointed out the judgment of the court below is reversed and remanded, with instructions to sustain the demurrer to the complaint, and to permit the plaintiff in the court below to amend his complaint as may be allowed by law.