# Hamby, *et al.* v. Folsam, *et al.*

## *Ejectment.*

(Decided Nov. 22nd, 1906. 42 So. Rep. 548.)

*Tenancy in Common; Adverse Possession; Ouster; Evidence.*—The giving of the affirmative charge for the plaintiff, and the exclusion of evidence. offered by the defendant on the question of ouster, was error, as the evidence was sufficient. to submit to the jury the question of whether or not one of the tenants in common had ousted the others and so obtained title by adverse possession.

APPEAL from Tallapoosa Circuit Court.

Heard before HON. S. L. BREWER.

Action of ejectment by Folsam, et al., against John Hamby, et al., the facts of which sufficiently appear in the opinion of the court. From a judgment for plaintiff defendant appeals.

LACKEY & BRIDGES, and THOMAS L. BULGER, for appellant.—The fact of the execution or the existence of a written document may be shown without producing or accounting for its absence.—*Hancock v. Kelly,* 81 Ala. 368; *Green v. Jordan,* 83 Ala. 220. The loss of a writing must be proved by the person in whose possession it was, if living, and if dead, search should be shown to have been made among his papers by his personal representative. —*Ala. Constr. Co. v. Meador,* 33 So. Rep. 216. Where

[Hamby, et al. v. Folsam, et al.]

defendant claims title by adverse possession a convey-
ance of the land by the defendant to a third party is ad-
missible to show assertion of claim of title.—*Anniston
City Land Co. v. Edmundson,* 127 Ala. 445. Assessment
and payment of taxes on the land, under a claim of ad-
verse possession, is competent to show the character and
extent of possession.—*Trufant v. White,* 99 Ala. 527;
*Green v. Jordan, supra.* The tax assessment books are
admissible to prove the assessment of lands for taxes to
a party claiming the land.—*Anniston City Land Co. v.
Edmundson,* 141 Ala. 366. Title acquired by adverse ·
possession can only be divested by proper conveyance or
by adverse holdings for the statutory period.—*Pittman
v. Pittman,* 124 Ala. 206; *Tennessee Co. v. Linn,* 123 Ala.
12; *Echols v. Hubbard,* 90 Ala. 309; *Hoffman v. White,* .
90 Ala. 354.

JAMES W. STROTHER, for appellee.—Declarations
made by a party in recognition of title in plaintiffs are
competent, as are admissions of a party in disparagement
of his own title.—*Wisdom v. Reeves,* 110 Ala. 418; *Beas-
ley v. Clarke,* 102 Ala. 254; *Hart v. Kendall,* 82 Ala. 144.
Admissions against interest are always competent.—
*Humes v. O'Brien,* 74 Ala. 64. Declarations expanatory
of possession are competent evidence against the party
making them.—*Mobile Savings Bank v. McDonald,* 89
Ala. 448; *Steed v. Knowles,* 97 Ala. 580; *Payne v. Craw-
ford,* 102 Ala. 398; 104 Ala. 199. A disclaiming defend-
ant is estopped from asserting title.—*Greeley v. Thomas,*
86 Pa. St. 35. (Counsel discusses motion to establish
bill of exceptions.)

TYSON, C. J.—The land in controversy originally be-
longed to Benjamin Folsam, who died in possession of it
in the year 1872, leaving as his heirs at law four sons
and four daughters, only two of which were living at the
date of the trial. One of the sons died without children.
This action, which was commenced in May, 1904, is for
the recovery of an undivided two-sevenths interest in the
land by the grandchildren of Benjamin, sons and daught-
ers of two of his deceased children. The testimony on be-
half of the plaintiffs tended to show that upon the death

of Benjamin his son James took possession of the land and continued to hold the exclusive possession of it, without payment of rents and profits to any one, until his death in June, 1894. It is true this testimony also tends to show that at some time during this period of his holding, the exact dates not being shown, he made declarations recognizing the title of brothers and sisters as co-tenants with him. The defendant offered to show that James Folsom, from 1875 to 1894 assessed the lands for taxation in his own name and paid the taxes for those years; that just prior to his death in 1894 he made a deed to them to his wife; that the wife, who remained in possession after his death, executed a mortgage to Gillam ;that Gillam sold the lands under the mortgage to Stone & Johnson; and that they contracted to sell them to the defendant—all of which was excluded. The affirmative charge was given at the written request of the plaintiff.

It cannot be affirmed as matter of law, as was done by the trial court, on the tendencies of the testimony above noted, that the possession of James Folsam was not adverse to that of his brothers and sisters. It other words, it was a question for the jury to determine whether there had been an actual ouster by James of his co-tenants, and, therefore, whether he had acquired the title to the whole land by adverse possession. As said by Mr. Freeman, in his work on Co-tenancy and Partition (section 232) : "The cases which present the greatest difficulty in determining whether one co-tenant has been ousted by another are those in which the original entry was apparently or confessedly that of a co-tenant, or was at least not made in any such a manner as pointed to a denial of the rights of his companions in interest. In such case, as there is nothing to give notice that the entry was hostile, in order to show that a subsequent possession became adverse, a state of facts must be proved from which an actual ouster is directly established or from which such ouster may be inferred. The question of ouster is always a question of fact, to be determined by the jury. It would be difficult to find any instance in which this question was involved in sufficient doubt to give rise to controversy at law, and in which the facts

constituting the alleged disseisin were of so decisive a character that the court can say, as a matter of law, that they did amount to an ouster." It is undoubtedly the law that, if a person be a part owner, the presumption is that he enters as such part owner, intending, while enforcing his own rights, to respect those of his co-tenants, and until by some act of an unequivocal character he indicates that his possession is no longer the possession of his co-tenant, as well as of himself, he cannot claim to have acquired any rights against them based upon their disseisin. This unequivocal act, however, may be shown by acts and circumstances, and its existence need not be established by direct evidence. "When an issue arises in regard to an alleged ouster, certain acts and circumstances may be put in evidence, which, though they do not establish a direct keeping or turning out, nor an express denial of title, yet tend to create 'a natural presumption of an ouster,' and to force upon the minds of the jury the conviction that an actual ouster must have taken place. * * * The facts which will sufficiently prove such ouster and adverse possession will vary according to the different circumstances of parties, and no definite and positive rule can be laid down by which all cases can be governed. It may, however, be safely said that a sale and uninterrupted possession and permanency of the profits by one tenant in common, with the knowledge of the other, continued for a long series of years, without any possession or claim of right, and without any perception of profits or demand for them by the co-tenant, if unexplained or uncontrolled by any evidence tending to show a reason for such neglect or omission to assert a right, will furnish evidence from which a jury may and ought to infer an actual ouster and adverse possession." —Freeman on Co-tenancy, § 242. See, also, *Johnson v. Toulmin*, 18 Ala. 50, 52 Am. Dec. 212; *Bozeman v. Bozeman*, 82 Ala. 389, 2 South. 732; *Jackson v. Elliott*, 100 Ala. 669, 13 South. 690, and cases there cited.

The principle last above quoted is peculiarly applicable to this case. Whether the inference of ouster and adverse possession by James Folsam, which the jury are authorized to draw from his acts of dominion over the land for 20 years or longer, is overcome by the declara-

tions shown to have been made with respect to the character of his holding, if believed by the jury, was one for their determination. In short, the inference, if drawn, would be in conflict with the testimony that he made the declarations; and the resolving of that conflict was not for the court but for the jury. It follows, therefore, that the giving of the affirmative charge for plaintiffs was error; and, clearly, the testimony offered by defendant should have been admitted.

Reversed and remanded.

HARALSON, SIMPSON, and DENSON, JJ., concur.