# Miller, *et al. v.* Vizzard Investment Co., *et al.*

### Partition.

(Decided December 16, 1916.  70 South. 639.)

**Tenancy in Common; Adverse Possession; Prescription.**—Where a son had previously been living on his father's place, and continued in the sole and exclusive possession and use from the death of his father in 1877, to his own death in 1909, treating it as his own property and claiming to own it in his own right, taking the rents and profits without accounting to or recognizing any rights of his brothers and sisters, his co-tenants, and making a sale of the entire interest in a part of the tract without any assertion on the part of his co-tenants of their rights in the premises, he acquired an exclusive title under the doctrine of prescription and repose.

(McClellan and Gardner, JJ., dissent.)

APPEAL from Coosa Chancery Court.

Heard before Hon. W. W. WHITESIDE.

Bill by Fannie Miller and others against the Vizzard Investment Company and others, for a sale for division of certain land. From a decree dismissing the bill complainants appeal. Affirmed.

JOHN A. DARDEN, for appellant. FELIX L. SMITH, and THOMAS & WILEY, for appellee.

SOMERVILLE, J.—The bill is filed for the purpose of effecting a sale for division of a certain tract of land which belonged to the father of the parties complainant and defendant. Their father died in 1877, and one son, A. I. Vanzandt, who was then living on the place with him, continued in the sole and exclusive possession, use, and enjoyment of the premises until his death in 1909. During all this time, as we think the evidence satisfactorily shows, A. I. Vanzandt, who paid $100 of the purchase money due to his father's vendor, treated the land in all respects as his own property, claimed to own it in his own right, took and appropriated the rents and profits without accounting to or recognizing any rights in his brothers and sisters, and in fact made a sale of the entire interest in a part of the tract. And during this long period of 32 years there was no assertion by his cotenants, his brothers and sisters, of their rights in the premises, and no interruption of his peaceable and exclusive possession and enjoyment. The reason suggested for this acquiescence and inactivity on the part of the cotenants, who are the complainants in this bill, is that A. I. Vanzandt was afflicted with rheumatism, and it was understood among them that he should keep the place as long as he lived without interference by themselves. It is not claimed, however, and the evidence fails to indicate, that there was any agreement with or notice to him to that effect, or that his continued possession was permissive in any legal sense.

The defendant, who is a daughter of A. I. Vanzandt, denies the allegation of the bill that she is a cotenant of complainants, and claims the exclusive ownership by prescriptive title in her father, and also sets up laches in the prosecution of complainants' rights.

For the purposes of this case, it might be conceded that the evidence does not convincingly show such a disseisin of the com-

[Cunninghame v. Herring.]

plainants by defendant's father as would be required to set in motion the statute of limitations, although a contrary view seems to be approved in the case of *Hamby v. Folsom*, 148 Ala. 224, 42 South. 548. We think there can be no doubt, however, under the decisions of this court, and in line with the general current of judicial decision, that A. I. Vanzandt acquired an exclusive title to this land, as against his cotenants, under the doctrine of prescription and repose. Direct authority for this conclusion is found in the cases of *Johnson v. Toulmin*, 18 Ala. 50, 52 Am. Dec. 212, and *Kidd v. Borum*, 181 Ala. 144, 161, 61 South. 100, Ann. Cas. 1915C, 1226. The question was mooted with citation of cases, but not decided, in *Jackson v. Elliott*, 100 Ala. 669, 13 South. 690. In a comprehensive note to *Joyce v. Dyer*, 189 Mass. 64, 75 N. E. 81, 109 Am. St. Rep. 603, 609, Mr. Freeman has discussed every phase of the subject with an exhaustive citation of the authorities. A restatement of the reasoning upon which the doctrine of prescription has been applied to cases like this would be mere supererogation, and it will suffice to say that the chancellor did not err in dismissing the bill of complaint, and the decree of the chancery court will be affirmed.

Affirmed.

ANDERSON, C. J., and MAYFIELD and SAYRE, JJ., concur. MC-CLELLAN and GARDNER, JJ., dissent. THOMAS, J., not sitting.