(78 South. 378)

COPELAND et al. v. MARTIN. (6 Div. 691.)

(Supreme Court of Alabama. March 23, 1918.)

On Rehearing.

TENANCY IN COMMON ☞15(5)—RECOGNITION OF TITLE.

In a suit for the sale of land and partition of proceeds, the rule of prescription did not bar complainant, where five years before the completion of such period she asserted her claim to an heir's interest in the land, which was recognized by defendants.

Appeal from Circuit Court, Cullman County; R. C. Brickell, Judge.

Bill by Mary E. Martin against W. J. Copeland and others. Decree for complainant, and defendants appeal. Affirmed.

A. A. Griffith, of Cullman, for appellants. Sample & Kilpatrick, of Cullman, for appellee.

McCLELLAN, J. The appellee, complainant, filed this bill against the appellants for a sale of the real estate described in the bill for division of the proceeds between the parties as tenants in common in the land; it appearing that the appellants each owned three-sevenths interest and the appellee one-seventh interest in the land. The complainant's title to an undivided one-seventh interest in the land came to her through inheritance from her father, the owner of the land, who, according to her testimony, died some 40 years before this bill was filed. The complainant's entire inaction with respect to her right or interest in this land for more than 30 years, during 20 years of which the appellants manifested an exclusive possession of the land, requires the application to the complainant's case of the rule of prescription and repose illustrated in the recent deliverances of this court in Miller v. Vizzard Investment Co., 195 Ala. 467, 70 South. 639, and Heath v. Lewis, 76 South. 451;[1] and, in consequence, the decree of the court below directing a sale for division of the proceeds between complainant and the defendants was laid in error, and must be reversed, and a decree is here rendered dismissing the bill.

Reversed and rendered.

ANDERSON, C. J., and SOMERVILLE and GARDNER, JJ., concur.

On Rehearing.

SOMERVILLE, J. In the case of Miller v. Vizzard Investment Co., 195 Ala. 467, 70 South. 639, we held that the uninterrupted occupation of land by one tenant in common for more than 20 years, under claim of right, to the exclusion of cotenants both as to possession and the enjoyment of rents and profits, and without any recognition by the occupant of the rights of his cotenants, would vest the entire title in such occupant under the doctrine of prescription.

In the present case, however, we are satisfied from a reconsideration of the testimony in the record, including that of the respondent Copeland himself, that, some 5 years before the completion of the prescriptive period, complainant asserted her claim to an heir's interest in the land, and that Copeland distinctly recognized her interest as an heir; the only controversy between them being as to how much she ought to receive for that interest.

In this view of the evidence, the rule of prescription does not apply, and it results that the decree of the circuit court granting the relief prayed must be affirmed.

Affirmed.