(98 South. 789)

### ALABAMA FUEL & IRON CO. v. BROADHEAD. (6 Div. 906.)

(Supreme Court of Alabama. Jan. 17, 1924.)

1. Mines and minerals ⬤⟹55(2)—In absence of physical severance, possession of minerals follows possession of surface.

Where owner of the entire estate conveys the surface of land retaining the minerals, possession of the minerals, there being no physical severance thereof, follows the grantee's pos-

session of the surface; his possession of the minerals, however, being for the benefit of the owner in that right; that is, as to the minerals he may be said to be a quasi bailee of the mineral owner.

2. Mines and minerals ⬤⟹49—Title by adverse possession acquirable.

Title by adverse possession, and under the doctrine of prescription and repose, may be acquired to an outstanding interest in the surface and minerals by the grantee of the surface in possession and holding possession of the minerals for the benefit of his grantor.

3. Tenancy in common ⬤⟹15(10)—Evidence held to show such possession as to give title under doctrine of prescription and repose.

Evidence in ejectment for an undivided interest in the minerals in land by an heir of A., who, at the time of conveyance by a third person of the entire surface to S., with reservation of the minerals, had an undivided interest in the surface and minerals, held to show that S. and his privies in estate had such a possession and exclusive enjoyment of the land, for more than 20 years, without any recognition of an interest in A. or his successors, and without any assertion of right by them, as creates the presumption of a grant by him or them, and works an extinction of his or their title to the minerals as well as the surface, under the doctrine of prescription and repose, notwithstanding the relationship of tenancy in common.

4. Ejectment ⬤⟹66—Allegations required of complaint in statutory ejectment.

Complaint in statutory ejectment must, under Code 1907, § 3839, allege that defendant entered on the premises and unlawfully withholds and detains the same.

5. Tenancy in common ⬤⟹55(7)—Tenant's right of recovery against cotenant limited to plaintiff's undivided interest.

Though as against a stranger to the title one having an undivided interest could recover the entire estate for the benefit of himself and cotenants, his right of recovery against a cotenant is limited to his particular undivided interest, the effect of the judgment being merely to let him into joint possession.

Appeal from Circuit Court, Jefferson County; J. C. B. Gwin, Judge.

Action by James B. Broadhead against the Alabama Fuel & Iron Company. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

The action is in statutory ejectment to recover possession of an undivided one-fourth interest in the minerals in 140 acres of land described in the complaint, which is in two counts. The first is in Code form, but the second alleges simply legal title in the plaintiff, instead of the Code allegation of prior possession by plaintiff, and entry and unlawful detention by defendant.

Demurrer to count 2 was overruled, and defendant pleaded the general issue and three special pleas. Plea 3 set up as a bar

the limitation of 10 years; plea 4 set up as a bar the prescription of 20 years; and plea 5 set up as a bar the limitation of 20 years. These pleas were stricken on motion of plaintiff, and trial was had on the general issue.

The undisputed evidence showed that plaintiff's grandmother, Elizabeth S. Armstrong, lived on this land from 1859 until her death during or about the time of the Civil War; that she left four children, plaintiff's mother Malinda V. Broadhead, Sarah E., Martha, and James Armstrong; and that each of these, except James, conveyed her undivided one-fourth interest to predecessors in title of defendant, Sarah E. in 1874, Martha in 1876, and Malinda V. in 1880. Prior to October 19, 1882, these several interests became united in one C. McAdory, and on that date he conveyed the entire tract in fee simple to one Jesse T. Bell. In October, 1885, said Bell conveyed the surface in the entire tract to one Wm. M. Shelton, and in April, 1902, Bell conveyed the entire mineral interest to T. H. Aldrich, from whom it passed by several mesne conveyances to the defendant in June, 1908.

There is no evidence to show that plaintiff's uncle, James Armstrong, ever conveyed or parted with his undivided one-fourth interest in the land. He died about 1880, unmarried, leaving as his legal heirs plaintiff's mother and his two aunts, above mentioned. Plaintiff's mother died about 1897, leaving ten children, including plaintiff, all of whom were living when this case was tried. His two said aunts were married, and died some years before this suit was filed, and each left living children of her own. Plaintiff's claim of title is based entirely on inheritance from his uncle, James Armstrong, through his mother.

Plaintiff's grandmother, said Elizabeth S. Armstrong, a widow, moved away from the property in suit just before the Civil War, with her said four children, and it does not appear that she, or any of her children, or their descendants, ever again occupied the land, or that any of them, after the respective conveyances by the three daughters in 1874, 1876, and 1880, ever made claim to the land in any way until May 12, 1920, when plaintiff received from his father what purported to be a deed to his interest in the land, supposed to be a life interest in his deceased wife's share.

The evidence further showed without dispute that Jesse T. Bell went into possession of the land in December, 1882, under a warranty deed to the entire estate, the land being fenced and having a dwelling house on it, and occupied and cultivated it under open, notorious, and exclusive claim of ownership until October 31, 1885, when he conveyed the surface of the entire estate to Wm. M. Shelton, with reservation of the minerals; that said Shelton thereupon took and held actual

and exclusive possession of the land by his tenants, and himself moved on the land in 1886, and lived on it until November 16, 1900, claiming and using it openly, notoriously, and exclusively, as his own all the while. On that date said Shelton conveyed three separate parcels of the land—the surface only—to his three sons severally; and on March 19, 1903, he conveyed the remaining portion to his son-in-law. These grantees at once took possession of their several parcels, and they, or their successors by deed, have ever since continuously, exclusively, openly, and notoriously held and used the property as their own under claim of right. The minerals in the land have never been mined, and there has never been any physical severance of the minerals from the land.

The jury found a verdict for plaintiff, and defendant appeals, assigning numerous grounds for error, which are sufficiently stated in the opinion.

Goodwyn & Ross, of Bessemer, and Percy, Benners & Burr, of Birmingham, for appellant.

Adverse possession of the mineral of land for 10 years gives title thereto. Possession of the mineral right follows possession of the surface. Moore v. Empire Land Co., 181 Ala. 344, 61 South. 940; Black Warrior Coal Co. v. West, 170 Ala. 346, 54 South. 200. The second count of the complaint is defective, in failing to aver that defendant entered upon the land and unlawfully withholds the same. Code 1907, § 3839; Stewart Bros. v. Ransom, 200 Ala. 304, 76 South. 70; Morris v. Beebe & Henshaw, 54 Ala. 300; Betz v. Mullen, 62 Ala. 365; Salter v. Fox, 191 Ala. 34, 67 South. 1006. In a suit by one cotenant against another, he can recover only his pro rata share; he cannot recover for the benefit of other cotenants. Blackeney v. DuBose, 167 Ala. 627, 52 South. 746; Dorlan v. Westervitch, 140 Ala. 283, 37 South. 382, 103 Am. St. Rep. 35; Hooper v. Bankhead, 171 Ala. 626, 54 South. 549.

Mathews & Mathews, of Bessemer, for appellee.

No brief reached the Reporter.

SOMERVILLE, J. [1] Where the owner of the entire estate in land conveys the surface, but retains the minerals—the grantee taking possession of the land, and occupying and using it as his own under the grant, and there being no physical severance of the minerals by any one—the possession of the minerals follows the possession of the surface, and the surface owner holds possession of the minerals for the benefit of the owner in that right. Moore v. Empire Land Co., 181 Ala. 344, 61 South. 940.

[2] In such a case the surface owner may be said to be a quasi bailee of the mineral owner (Christopher v. C. A. Lumber Co., 175

Ala. 484, 490, 57 South. 837), and his adverse possession of the land, continued for the requisite length of time, will divest the title of the true owner both as to surface and minerals, and such a relation, once established between the respective owners of surface and minerals, will presumptively continue between their respective grantees or privies in estate, with a like effect upon the title. And so, also, of a prescriptive holding by such surface owner for 20 years or more.

Whether or not the facts in this case are sufficient to show an ouster or disseisin of James Armstrong, and his privy successors in estate, by his cotenant Shelton, and Shelton's predecessors and successors in estate (see Fielder v. Childs, 73 Ala. 567; Hamby v. Folsam, 148 Ala. 221, 224, 42 South. 548), so as to constitute an adverse possession and work a divestiture of Armstrong's interest under the limitation of 10 years, need not be considered.

[3] It is certain, we think, as the evidence conclusively shows without dispute, that Shelton and his privies in estate have had such a possession and exclusive enjoyment of the land for more than 20 years, without any recognition of an interest in Armstrong or his successors, and without any assertion of right by them, as creates the presumption of a grant from him or them, and works an extinction of his or their title, under the doctrine of prescription and repose, notwithstanding the relationship of tenancy in common with Shelton and his privies in estate. Miller v. Vizzard, etc., Co., 195 Ala. 467, 70 South. 639; Kidd v. Borum, 181 Ala. 144, 161, 61 South. 100, Ann. Cas. 1915C, 1226; Kidd v. Browne, 200 Ala. 299, 303, 76 South. 65.

The application of the foregoing principles to the undisputed facts of the case leads to the conclusion that the defendant was entitled to the general affirmative charge, for the refusal of which the judgment must be reversed.

[4] Defendant's demurrer to count 2 of the complaint was well taken. A complaint in statutory ejectment must allege that the defendant entered upon the premises and unlawfully withholds and detains the same. Code 1907, § 3839; Bush v. Glover, 47 Ala. 167. The decision in Bush v. Glover was under section 2611 of the Revised Code of 1867, but the present statute has not been changed in this respect. Very clearly count 2 states no cause of action.

[5] It is to be observed also that, even had plaintiff showed a right to recover, his interest appeared to be only one-tenth of one-third of one-fourth, which is one one hundred twentieth of the whole. As against a stranger to the title he could have recovered the entire estate for the benefit of himself and his cotenants. 19 Corp. Jur. 1216, § 317;

Hooper v. Bankhead, 171 Ala. 626, 631, 54 South. 549; Blakeney v. Du Bose, 167 Ala. 627, 635, 52 South. 746.

But as against a cotenant his right to recovery is limited to his own moiety of the estate; the effect of the judgment being merely to let him into joint possession. 19 Corp. Jur. 1216, § 317; Hooper v. Bankhead, supra.

The instruction given at plaintiff's request should therefore have limited his recovery to a one hundred twentieth part instead of a one-twelfth part, and, as given, the instruction was erroneous.

Numerous other assignments of error are presented, some of which are clearly meritorious, but we deem a decision of them unnecessary.

The judgment will be reversed, and the cause remanded for another trial.

Reversed and remanded.

ANDERSON, C. J., and THOMAS and BOULDIN, JJ., concur.