156 So.2d 140

**O. H. HOWARD**

v.

**C. E. HARRELL, Jr., et al.**

I Div. 50.

Supreme Court of Alabama.

Aug. 29, 1963.

 

W. Dewitt Reams, Hubert P. Robertson of Pillans, Reams, Tappan, Wood & Roberts, Mobile, for appellant.

Adams, Gillmore & Adams, Grove Hill, for appellees.

LIVINGSTON, Chief Justice.

O. H. Howard, the appellant, filed a bill in the Circuit Court of Washington County, Alabama, in Equity, seeking a partition, in kind, of certain lands located in Washington County, which he alleged was owned by appellant and some seventeen respondents as tenants in common of said lands.

Appellees, Claude Eugene Harrell, Jr., and Sidney Moxey Harrell, two of the respondents in the court below, answered the bill alleging, in substance, that they were the sole owners of the lands described in the bill of complaint.

The testimony was heard ore tenus by a circuit judge from another circuit because of the disqualification of the regular circuit judge of Washington County. On the 11th day of July, 1961, he rendered a final decree in favor of the respondents, who are the appellees here. The lands involved are commonly known as the "Mason Lands." From the final decree the present appeal was perfected. The decree recites, in part, as follows:

"* * * the testimony was taken orally in open court under the provisions of Equity Rule 56; and the court, having thus heard all of the testimony thus presented in open court, and having considered only such portions of the testimony as are relevant and admissible, now finds the lands which are the subject of this litigation, hereafter more particularly described, were owned, prior to the turn of the century by Quibus Mason, March Mason, and Jeffry Mason, each owning an undivided one-third interest therein; that beginning about the year 1906, C. Eugene Harrell, Sr., began to acquire ownership of fractional interest in this property, his acquisitions culminating during or about the year 1917, at which time he began to assert complete ownership of said lands; and from about the year 1917 to the time of filing of this suit in 1950, C. Eugene Harrell, Sr., followed by his two sons, C. Eugene Harrell, Jr., and Sidney Moxey Harrell, who succeeded to his claim of ownership upon his death about the year 1948, exercised full and complete control and domination over said lands, assessed and paid taxes thereon each year, exercised an actual, visible and exclusive possession of said lands for a period of more than thirty-two years, without any question being raised as to their right and title thereto; the court is therefore of the opinion that C. Eugene Harrell, Sr., was thus vested with full and complete ownership of said lands at the time of his death, and that his two sons, C. Eugene Harrell, Jr., and Sidney M. Harrell, succeeded upon his death to such ownership and are now the sole owners of said lands; the court further finds and does hereby declare that complainants have no right, title or interest in said lands; * * *." [describing them]

The final decree excluded certain lands acquired by the United States by condemnation proceedings and certain lands not embraced in this litigation.

In the latter part of 1948, after Mr. Harrel, Sr.'s, ownership had been undisturbed and unquestioned for more than

thirty years, A. B. Case and O. H. Howard conceived the idea that Mr. Harrell, Sr., had not effectively acquired the Mason title and they proceeded to procure deeds from various ones of the Mason heirs. Apparently, this was done on the theory that the tax sale in 1914 at which the elder Harrell purchased, or attempted to purchase, the interest of the "Marsh Mason" heirs in the property did not meet the requirements for such a sale. Appellees admit that the tax sale did not convey the interest of the "Marsh Mason" heirs in the property, but rely on the rule of prescription and repose, or adverse possession to establish their title. We will make no attempt to tabulate these deeds, nor any analysis of the relationship of the various grantors in said deeds, to the three original Mason owners, March, Quibus and Jeffry nor will we attempt any analysis of all the evidence in the case.

There is more than one theory on which this case could be affirmed, but we are of the opinion that the rule of prescription, or repose, is all that is necessary to be considered as to the record before us.

The case of Walker v. Coley, 264 Ala. 492, 88 So.2d 868, contains a comprehensive compilation of the Alabama case law on this subject. The court in that case quoted with approval the following excerpt from Kidd v. Borum, 181 Ala. 144, 61 So. 100:

"'* * * This court has repeatedly held that the lapse of 20 years, without recognition of adversary right, or admission of liability, operates an absolute rule of repose.'"

The reason for this rule is explained, in part, by the court in the Walker case, supra, by quoting from Snodgrass v. Snodgrass, 176 Ala. 276, 280–281, 58 So. 201, 202, as follows:

"* * * The consensus of opinion in the present day is that such presumption is conclusive, * * *; and, as said in an early case, 'the presumption

rests not only on the want of diligence in asserting rights, but on the higher ground that it is necessary to suppress frauds, to avoid long dormant claims, which, it has been said, have often more of cruelty than of justice in them, that it conduces to peace of society and the happiness of families, "and relieves courts from the necessity of adjudicating rights so obscured by the lapse of time and the accidents of life that the attainment of truth and justice is next to impossible."' * * *."

The instant case illustrates the propriety and necessity of such a rule. See Black v. Black, 233 Ala. 425, 172 So. 275; Copeland v. Martin, 201 Ala. 472, 78 So. 378, and Miller v. Vizzard Investment Co., 195 Ala. 467, 70 So. 639. See also Ballenger v. Liberty National Life Ins. Co., 271 Ala. 318, 123 So.2d 166.

The case of Allison v. Owens, 248 Ala. 412, 27 So.2d 785, is closely analogous to the instant case in many respects. In Allison v. Owens, supra, three sons of a mother who died intestate attempted to divide her realty between themselves but omitted a part of her land from the description of the divided property. One of the sons took possession of the omitted parcel of land and treated it as his own for 23 years without recognizing the rights of his brothers. This Court held that there was ample evidence to warrant a finding that the son in possession acquired an exclusive title to the land as against his cotenants under the doctrine of prescription and repose.

Appellant relies on the line of cases which hold that the entry and possession of one tenant in common are presumed to be for the benefit of all the cotenants. Tarver v. Tarver, 258 Ala. 683, 65 So.2d 148; Markstein v. Schilleci, 258 Ala. 68, 61 So.2d 75; Hames v. Irwin, 253 Ala. 458, 45 So.2d 281; Swafford v. Brasher, 246 Ala. 636, 22 So.2d 24. But an analysis of these cases reveals a restriction on the rule which appellant has failed to note; that is, that the presumption is indulged until such pos-

session is rendered adverse by some act or declaration by the party in possession repudiating the interest of his cotenants. Authorities, supra

 In the instant case, there is ample evidence to support a finding that the elder Harrell's acts worked a complete ouster of his cotenants. He treated the property as his own in every respect, at times renting all or a part of the lands, renting the hunting rights on the lands, cutting timber therefrom periodically, and assessed and paid taxes until his death. His two sons, the appellees here, treated the lands in the same manner after their father's death.

 In this case, the evidence supports the finding and holding that the possession of appellees was so open and notorious in its exclusiveness as to put the other original tenants in common on notice. Ratliff v. Ratliff, 234 Ala. 320, 175 So. 259; Lindsey v. Atkison, 250 Ala. 481, 35 So.2d 191; McGhee v. Walker, 268 Ala. 521, 108 So.2d 433.

 This opinion in no way impinges upon the principle that possession and use of the premises by one tenant in common will not, of itself, repel the presumption that the possession is that of all the tenants in common. Coppett v. Monahan, 267 Ala. 572, 103 So.2d 169. Wheat v. Wheat, 190 Ala. 461, 67 So. 417.

 The trial court heard the evidence in this case ore tenus, and the finding of facts and the decree of the trial court in such cases will not be disturbed on appeal unless palpably and plainly wrong. Lewis v. City of Birmingham, Ala., 154 So.2d 657;[1] Johnson v. Harrison, 272 Ala. 210, 130 So.2d 35; Berry v. Kimbrough, 265 Ala. 459, 92 So.2d 20; Meador v. Meador, 255 Ala. 688, 53 So.2d 546.

 Appellant's argument, that respondents who are claiming title to the disputed lands through their deceased father are not competent witnesses to testify as to the actions of their father in regard to the disputed lands, cannot be considered by this Court because it is not raised by any assignment of error.

 It is, of course, axiomatic that no question is reserved for decision which is not embraced in a due assignment of error. Southern Benefit Life Ins. Co. v. Holmes, 265 Ala. 48, 89 So.2d 530; Wetzel v. Hobbs, 249 Ala. 434, 31 So.2d 639.

The decision of the court below is due to be affirmed.

Affirmed.

SIMPSON, MERRILL and HARWOOD, JJ., concur.

