## DEW v. GARNER. (2 Div. 763.)

(Supreme Court of Alabama. April 20, 1922.)

1. **Tenancy in common** ⬸14—Sale of fee by tenant in possession to stranger taking possession claiming exclusive title disseised other tenants.

Where one of the tenants in possession in 1901 executed a mortgage to a stranger conveying the fee, which mortgage was foreclosed, and deeds evidencing the transaction recorded, and the purchaser under execution had been in continuous, open, adverse possession, claiming it as his own without recognition of the rights of any one else, the purchaser did not take possession as a tenant in common with the joint owners of the tenant in possession, and his entering under the deed operated as a disseisin of the cotenants and his continued possession perfected his title.

2. **Appeal and error** ⬸842(7)—Decree rendered on erroneous view of law as applied to facts, not binding on appeal.

Where the decree rendered was based upon an erroneous view of the law as applied to the facts before the court, the decree is not binding on appeal.

Appeal from Circuit Court, Hale County; B. M. Miller, Judge.

Bill by Ellen Garner against Wilson Childress, E. R. Dew, and another to sell land for division among joint owners. From a decree granting the relief prayed for the respondent E. R. Dew appeals. Reversed and rendered.

Bill by appellee against one Wilson Childress, and E. R. Dew, seeking a sale of 55 acres of land therein described for division among the parties as tenants in common, and filed in June, 1920. Respondent Wilson Childress answered, admitting the averments. Appellant, Dew, in his answer denied the joint ownership of the land, but asserted title in himself. Complainant contended that the land was given to one Pollard Childress by one David Avery though no deed seems to have been executed; that Pollard Childress remained in possession of the land for a long number of years, and that he owned the same; that at his death he left four children, one of whom died without issue, another died leaving a child Wilson Childress, respondent to this suit, and Ellen Garner, who is complainant, and Celeste Childress. After the death of Pollard Childress, Celeste Childress was the only member of the family to remain on the place, and she lived there with a man named Robert Cox.

On November 20, 1901, Robert Cox and Celeste Childress executed a mortgage to the appellant, Dew, purporting to convey the entire fee-simple interest in the lands here involved. The evidence shows that these parties were in possession at the time, claiming the property as their own. This mortgage was foreclosed, and deed made to one Cad Jones by the mortgagee April 16, 1904, and on the same date said Jones reconveyed the property to the mortgagee, Dew. The mortgage of Cox and Celeste Childress was recorded on the day of its execution, and the two deeds above referred to were filed for record in the probate office on May 9, 1906. The evidence for the respondent Dew, appellant here, was to the effect that since the execution of the deed of April 6, 1904, he has been in the continuous, open, adverse possession of the property under these deeds, claiming the same as his own, exercising exclusive control and dominion over the land, cultivating a portion of it continuously, using another portion for pasturage, paying the taxes on the property, and selling the timber thereon; that he had built a house and also cut ditches.

The court below decreed that appellant Dew was a tenant in common with the other parties to the cause, and ordered a sale of the land for division. From this decree respondent Dew has prosecuted this appeal.

R. B. Evins, of Greensboro, for appellant.

The fact that the examination was oral before the court does not affect the right of this court to pass on its legal effects. 204 Ala. 238, 85 South. 452; 85 South. 500. The ouster was complete when Celeste Childress conveyed the whole estate to Dew by mortgage, and the statute commenced to run

---

from that instant against any who had previously been her cotenants. 154 Ala. 141, 45 South. 53; 2 C. J. 185; 118 Ga. 470, 45 S. E. 294; 13 Serg. & R. (Pa.) 356, 15 Am. Dec. 604.

Thomas E. Knight, of Greensboro, for appellee.

Brief of counsel did not reach the Reporter.

GARDNER, J. The statement of the case will contain a sufficient outline for a proper understanding of the question here presented.

[1] Appellant, Dew, defended this bill for sale for division upon the theory that he was not a tenant in common with the other parties to the cause, but owned the land in severalty, and had acquired a perfect title thereto by adverse possession under color of title. The mortgage from Celeste Childress, one of the heirs of Pollard Childress, and Robert Cox executed in 1901 to this appellant, purported to convey the entire interest and fee-simple title in and to the land. They were in possession, and the evidence was without dispute they claimed to own the same. The mortgage was duly foreclosed, and the deeds evidencing the transaction were recorded in 1906, and since the date of the execution of these deeds the evidence is without dispute that appellant has been in the continuous, open, adverse possession of the land, claiming the same as his own, and without any recognition of the rights of any one else thereto.

The principle of law controlling the case under these circumstances is found stated in Riggs v. Fuller, 54 Ala. 141, where the court, speaking to an analogous situation, said:

"The grantor was one of the heirs to whom the lands had descended. A sale and conveyance by him of the entire fee to a stranger, who takes possession claiming the exclusive title, operates a disseisin of the other heirs, and converts the possession, of the stranger into an adverse possession which, if continued the length of time prescribed by the statute of limitations, will bar the entry of the other heirs."

The holding of this court in the Riggs Case, supra, is supported by the overwhelming weight of authority. Mr. Freeman in his note to the case of Joyce v. Dyer, 109 Am. St. Rep. 603, says:

"There is little, if any, dissent from the proposition that where a cotenant conveys to a stranger to the title by a conveyance appropriate in form to transfer an estate in severalty, and the grantee enters into exclusive possession of the property thereunder as a claimant in severalty, this in an ouster of the other cotenants, of which they must take notice, and which, if sufficiently long continued, bars them of all right to the property."

The author's note then cites numerous decisions, among them Fielder v. Childs, 73 Ala. 567. See, also, 2 Corpus Juris, 185.

The court below evidently proceeded upon the theory that appellant by the execution of the mortgage and foreclosure deeds had become a tenant in common with the cotenants of Celeste Childress, and that the evidence was insufficient to show an ouster of his joint owners. Miller v. Vizzard Inv. Co., 195 Ala. 467, 70 South. 639. But this is an erroneous view. The appellant did not become, nor did he enter into possession as a tenant in common with the joint owners of Celeste Childress, but entered as a stranger under a deed purporting to convey the entire interest in the property, and claimed the same exclusively as his own. This itself operated a disseisin of the parties to this suit, and the possession continued for such length of time as to perfect his title. This is very clearly stated in Joyce v. Dyer, supra, 189 Mass. 64, 75 N. E. 81, 109 Am. St. Rep. 603, a case of similar character to that here involved, wherein the court said:

"In considering this question we must bear in mind the familiar principle that when one enters upon land he is presumed to enter under the title which his deed purports upon its face to convey, both as respects the extent of the land and the nature of his interest. The deed to Samuel Dyer purported to convey the fee in the whole. Under that deed he entered, and in the absence of anything shown to the contrary, he is presumed to have entered under a claim of right to the fee in the whole. It is not a case where a tenant in common, being or entering into possession as such, afterwards attempts to claim that his occupation was adverse to his cotenant. Dyer did not enter as a tenant in common. From the very first he is presumed to have claimed under his deed, and there is nothing to show that he or his successors ever acknowledged or ever supposed that the interest thereby conveyed was anything other than as it appeared upon the face of the deed."

The conveyances relied upon by appellant were duly recorded, and his possession was open and notorious (see note to Joyce v. Dyer, supra, p. 614), and that constituted color of title so as to extend the possession to the entire tract.

[2] While in this case the testimony was taken orally before the court, yet, under the situation here presented, the rule concerning the effect of the finding of the court upon the facts on appeal is without application. The evidence is practically without dispute, and it is evident that the decree rendered was based upon an erroneous view of the law as applied to the facts before the court. When such is the case, the rule is of course without application. Murphree v. Hanson, 197 Ala. 246, 72 South. 437.

Having reached the conclusion there is error in the decree of the court below, it will

be reversed, and a decree will be here rendered, dismissing the bill.

Reversed and rendered.

ANDERSON, C. J.; and SAYRE and THOMAS, JJ., concur.