(94 South. 285)

## SHORT v. DE BARDELEBEN COAL CO.
### (6 Div. 528.)

(Supreme Court of Alabama.    Oct. 26, 1922.)

**1. Covenants 〰118—Burden of proof on covenantee where he surrenders possession to claimant without eviction.**

The burden of proving the paramount outstanding title, in an action for breach of warranty in the sale of land, is upon the plaintiff, where he yielded possession of the premises voluntarily, without eviction.

**2. Adverse possession 〰32—Statute requiring filing notice of adverse claim held not applicable where possession held under bona fide claim of purchase.**

Code 1907, § 2830, as to necessity of filing notice of adverse claim, etc., does not apply where the evidence shows that the adverse claimant held actual possession of the land for the statutory period of 10 years under a bona fide claim of purchase.

**3. Adverse possession 〰115(1)—Question of adverse possession held for jury in absence of cross-examination of witnesses as to possession.**

Where, in an action for breach of warranty in the sale of land, there was evidence of the actual occupancy by defendant of all the land in controversy for the statutory period, and no cross-examination taken to demonstrate the insufficiency of such possession, the question of adverse possession was for the jury, and hence that it was error to grant an affirmative charge.

**4. Tenancy in common 〰14—Entry under purchase from cotenant held to operate as disseisin.**

Entry of land under a purchase of the entire interest from a cotenant would operate as a disseisin of the grantor's tenants in common, and, where the grantee's possession continued for the statutory period, he would acquire a perfect title by adverse possession to the entire interest.

Appeal from Circuit Court, Walker County; T. L. Sowell, Judge.

Action for damages by the De Bardeleben Coal Company against George Dan Short for breach of warranty. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

Ray & Cooner, of Jasper, for appellant.

When possession is claimed under a bona fide claim of purchase, the statute requiring

the filing of notice of adverse possession has no application, and such bona fide claim is a jury question. 139 Ala. 346, 37 South. 98; 142 Ala. 704, 39 South. 92, 110 Am. St. Rep. 55; 202 Ala. 213, 80 South. 35; 98 Ala. 189, 12 South. 454, 39 Am. St. Rep. 45; 79 Ala. 215. Conveyance of land in the actual adverse possession of a third person, under claim of right, is void as against the adverse holder, and color of title is not requisite. Even a parol contract of sale is sufficient. 76 Ala. 346; 60 Ala. 600; 127 Ala. 464, 30 South. 61. Since May 1, 1908, this rule of law is changed, but not as to conveyances made before that date. Code 1907, § 3839; 172 Ala. 83, 55 South. 310; 190 Ala. 566, 67 South. 234. Payment of taxes is a circumstance to prove claim of ownership, and defendant is not bound by any error made by the assessor. 99 Ala. 520, 13 South. 83; 65 Ala. 259; 49 Ala. 515; 83 Ala. 220, 3 South. 513; 145 Ala. 565, 40 South. 505.

Bankhead & Bankhead, of Jasper, for appellee.

Defendant claiming to hold under purchase from Garner, it is presumed he succeeded only to Garner's claim to a half interest in the land, and that his possession was not adverse to Garner's tenant in common. 157 Ala. 230. 47 South. 565. Counsel discuss other questions, but without citation of additional authority.

GARDNER, J. This is an action by appellee against appellant for damages for a breach of warranty in the sale of certain lands therein described, and is based upon an alleged breach of warranty in a deed by appellant of date March 18, 1918, to A. B. Aldridge; plaintiff in the court below having purchased from the successors in title of said Aldridge. The land in question consisted of 25 acres off the north side of the N. W. ¼ of the S. W. ¼ of section 20, township 16, range 6 west, in Walker county, Ala.

[1] Plaintiff does not insist that it was evicted by any legal process, but yielded to a paramount outstanding title, and has assumed the burden of proving the same. Copeland v. McAdory, 100 Ala. 553, 13 South. 545.

Upon the conclusion of the evidence the court gave the general charge in favor of the plaintiff, and from the judgment following the defendant has prosecuted this appeal.

It may be conceded that, so far as the paper title is concerned the defendant did not have title to the land at the time of the sale. The defendant insists that in March, 1905, he purchased the property (the subject-matter of this litigation) from one G. J. Garner; the consideration being an exchange of lands between defendant and said Garner.

The plaintiff in this cause introduced a deed from Garner to defendant, which is set out on page 11 of the transcript. The deed which is copied, however, seems to correctly describe the 25 acres, and is dated March 18, 1918. There has evidently been some mistake in the transcript, as the deed of March 3, 1905, does not appear therein.

[2] The defendant insists that he purchased this land with the 40 acres adjoining on the north from said Garner in 1905, and went into possession thereof during that year; that Garner placed him in possession, and he moved thereon, cultivating a part of the land; that Garner prior thereto was in possession of the land, and claimed to own it. Defendant further testified that he stayed in possession of the land until the sale to Aldridge, and that he paid the taxes on it, and if anyone disputed his claim thereto or possession thereof he knew nothing of it. A part of the land was in cultivation. Garner, testifying for the defendant, stated that defendant remained in possession of the land for 10 or 12 years, or longer. The evidence for the defendant tended to show that he had actual possession of this land for the statutory period of 10 years under a bona fide claim of purchase, and therefore under the uniform decisions of this court section 2830 of the Code of 1907 is without application. Stewart v. Ransom, 200 Ala. 304, 76 South. 70; Dixon v. Hayes, 171 Ala. 498, 55 South. 164; Mobile & Gulf R. R. Co. v. Rutherford, 184 Ala. 205, 63 South. 1003; Kretzer v. Jackson, 183 Ala. 642, 62 South. 811. The following authorities are also applicable to the question of adverse possession presented by this record: Holt v. Adams, 121 Ala. 664, 25 South. 716; Sledge v. Singley, 139 Ala. 346, 37 South. 98; Stiff v. Cobb, 126 Ala. 381, 28 South. 402, 85 Am. St. Rep. 38; Brannan v. Henry, 142 Ala. 698, 39 South. 92, 110 Am. St. Rep. 55; Anniston City Land Co. v. Edmondson, 145 Ala. 557, 40 South. 505.

[3] Counsel for appellee urge that the actual possession of defendant is not shown to the entire 25 acres, and there being no color of title the affirmative charge was properly given, as it did not direct the amount of recovery.

This argument, however, overlooks the statement of defendant and his witnesses in regard to the actual occupancy of the land in controversy; and there was no cross-examination upon this point to demonstrate the insufficiency of any such possession. We must therefore hold, under the evidence as presented in this record, there was presented a question for the jury's determination. McCreary v. Jackson Lbr. Co., 148 Ala. 247, 41 South. 822.

[4] Counsel for appellee make the further point that, under the proof offered by plaintiff, Garner owned only an undivided one half interest in the land, and therefore defendant's possession was not adverse to Garner's tenants in common. Sumner v. Hill, 157 Ala. 230, 47 South. 565. But the evidence for the

defendant tended to show that he purchased the entire interest in this land, and entered into possession thereof under claim of ownership of the whole. If defendant, therefore, entered as a stranger under a purchase of the entire interest in the property as his own, this would operate as a disseisin of Garner's tenants in common, and a possession thereof continued for a sufficient length of time would therefore perfect the title. This question was given consideration in the recent case of Dew v. Garner, 207 Ala. 353, 92 South. 647.

The judgment will be reversed, and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.