(116 So. 346)

**MOORE et al. v. ELLIOTT.** (6 Div. 694.)

Supreme Court of Alabama. March 29, 1928.

**1. Tenancy in common �köë15(10)—Cotenant's grantee of entire estate is presumed to enter under title which his deed purports to convey both as to extent of land and nature of interest.**

As affects rights of grantee of entire estate against cotenants not joining in deed, grantee is presumed to enter under title which his deed purports on its face to convey both as to extent of land and nature of his interest.

**2. Tenancy in common ⊛ë14—Conveyance to stranger by tenant in common in possession of entire title, followed by possession under claim of ownership, is disseisin of other cotenants.**

Conveyance to stranger to title by one or more cotenants in possession of entire title in severalty and not merely grantor's interest, followed by entry into actual possession, open and exclusive, by grantee under claim of ownership in severalty, amounts to disseisin of other cotenants, which if continued for statutory period will ripen into title by adverse possession.

**3. Deeds ⊛ë136—Recital in deed that its purpose was to convey land of heirs held to evince purpose to convey entire title in severalty.**

Recital in deed that purpose thereof was to convey named number of acres of land of heirs of M., deceased, *held* to evince purpose to convey entire title in severalty without reservation or recognition of continuing interest in heirs.

**4. Tenancy in common ⊛ë15(4)—Title of cotenant's grantee of entire estate ripened into adverse possession, where during 20 years cotenants made no claim to land.**

Where complainant's predecessor, having entered land not as tenant in common but under conveyance of entire title in severalty, since he and those claiming under him held adversely more than 20 years, during which time claimants of land as tenants in common with grantors to complainant's predecessor did not claim benefits of and ownership which they might have asserted, title of complainant's predecessor ripened into good title by adverse possession.

Appeal from Circuit Court, Fayette County; Ernest Lacy, Judge.

Bill in equity by E. M. Elliott against Della Moore and others. From a decree overruling demurrer to the bill, respondents appeal. Affirmed.

See, also, 216 Ala. 693, 112 So. 918.

This is a bill, filed by the appellee, under the statute, against the appellants to quiet title to certain described lands situated in Fayette county.

The pleaded facts as they appear from the averments of the bill and exhibits thereto, briefly stated, are: That the complainant is the owner of the lands and is in the peaceable possession thereof, and there is no suit pending in which the title thereof may be tested.

John C. Moore, who died intestate in the year 1885, at and immediately before his death, owned the lands in controversy, and is the common source of the title now respectively asserted by the parties to this suit. Moore left surviving his widow, Mary Ann, and six children, including John W., the deceased husband of the defendant Della Moore, and the father of the other defendants. On the 8th of March, 1890, said John W. Moore and his wife, Della, by quitclaim deed duly executed and delivered, conveyed their inter-

est in the property to Colbert Wilson and Sidney Ansley, the sons-in-law of said John C. Moore. Soon thereafter the said John W. Moore and his wife moved to the state of Texas, and from thence to Wyoming, and with their children have since lived out of the state of Alabama.

On November 12, 1890, Mary Pope and LaFayette Moore, two of the six heirs, by their respective deeds, conveyed their interest, as the heirs of John C. Moore, to Mary Ann, the widow of John C.; Pattie Ansley, a daughter of John C. and her husband, Sidney; John W. and his wife, Della; Leona Moore, a daughter of John C.; and Ella Wilson, a daughter of John C., and her husband, Colbert Wilson. Mary Ann Moore, the widow of John C. and the mother of John W., died intestate some time after the 12th day of November, 1890, and the 5th day of January, 1892, leaving as her heirs the children born of the marriage to John C. Moore, and a son by a former marriage.

In these circumstances John W. Moore and his wife, Della, named as grantees in the deeds executed by Mary Pope and LaFayette Moore of November 12, 1890, each, prima facie, acquired a one-twelfth undivided interest in this land, and John W., by process of devolution, took as the heir of his mother a seventh of her interest acquired through the conveyances from Mary Pope and LaFayette Moore, which passed to the respondents on the death of John W. Moore, who died in 1924.

To meet this prima facie right in the respondents and to effectuate its destruction, the bill avers that the names of John W. and Della Moore were inserted as grantees in the deeds executed by Mary Pope and LaFayette Moore through mistake; that the grantees named in said deeds, other than Mary Ann Moore, John W. and Della Moore, for value, on the 5th day of January, 1892, H. D. Justice, a son and heir of Mary Ann Moore, joining therein, executed and delivered to Sidney J. Cannon a warranty deed to said property, purporting to convey the entire title to the property and placed him in possession; that said title passed from Cannon, through mesne conveyances regular on their faces purporting to convey the entire title unto complainant; that each and all of said deeds were duly recorded in the office of the probate judge of Fayette county immediately upon their execution, and complainant and those under whom he claims have been in continuous, open, notorious, hostile, actual possession of said lands, claiming the entire title thereto, cultivating the same, assessing and paying the taxes thereon from the 5th of January, 1892, to the filing of the bill September 30, 1925, covering a period of more than 30 years; that the said John W. Moore nor the respondents have ever asserted any claim to said lands or the rents, in-

comes, and profits thereof, until the bill was filed.

The respondents demurred to the bill for want of equity, and specific grounds asserting that the averments of the bill show that the possession of the complainant was that of a tenant in common with John W. Moore, deceased, and Della Moore, and shows no affirmative ouster or disseisin upon which the complainant can predicate an adverse holding; that the averred peaceable possession is inconsistent with that of a hostile adverse possession; and that the averments of the bill show that the complainant and those under whom he claims are guilty of laches in failing to repudiate the rights of the respondents and those under whom they claim by a more positive assertion of a hostile title.

On submission on the demurrer to the bill a decree was entered overruling the demurrer, and from that decree this appeal is prosecuted.

W. L. Harris, of Fayette, for appellants.

A demurrer will lie for laches appearing on the face of the bill. Fowler v. Ala. I. & S. Co., 164 Ala. 414, 51 So. 393; Woodlawn R. & D. Co. v. Hawkins, 186 Ala. 234, 65 So. 183. A bill to quiet title must allege peaceable possession which must be averred and proved as a condition to statutory relief. An allegation that complainants are in open, notorious, and adverse possession is demurrable, as in such action the possession must be peaceable. Hicks v. Stone, 210 Ala. 685, 99 So. 115; Cooper v. Brown & Son L. Co., 214 Ala. 400, 108 So. 20; White v. Cotner, 170 Ala. 324, 54 So. 114; Carr v. Moore, 203 Ala. 223, 82 So. 473. Possession of a tenant in common, without more, is not adverse to the claim of his cotenant. Oliver v. Williams, 163 Ala. 383, 50 So. 937. Possession by one cotenant that will ripen into title against another cotenant must be actual, open, notorious, exclusive, hostile, and continuous for ten years after actual knowledge of the exclusive ownership is brought home to the cotenant. Sibley v. McMahon, 210 Ala. 598, 98 So. 805; Ashford v. Ashford, 136 Ala. 631, 34 So. 10, 96 Am. St. Rep. 82; Kidd v. Borum, 181 Ala. 160, 61 So. 100; Winsett v. Winsett, 203 Ala. 376, 83 So. 117. When one enters upon land, he is presumed to enter under the title which his title purports to convey. Joyce v. Dyer, 189 Mass. 64, 75 N. E. 81, 109 Am. St. Rep. 603; Dew v. Garner, 207 Ala. 407, 92 So. 648, 27 A. L. R. 5.

S. T. Wright, of Fayette, for appellee.

Where one or more tenants in common execute a deed to a third person purporting to convey the entire estate, the possession of the grantee taken under such deed is adverse to the remaining cotenants. 6 Mayfield's Dig. 878; Gulf Cedar Co. v. Crenshaw, 148 Ala. 343, 42 So. 564; Parker v. Proprietors, &c.,

3 Metc. (Mass.) 91, 37 Am. Dec. 121. It is sufficient to allege peaceable possession without the evidence to constitute. Vaughan v. Palmore, 176 Ala. 72, 57 So. 488. When complainant shows peaceable possession, he makes out a prima facie case. Geo. E. Wood L. Co. v. Williams, 157 Ala. 73, 47 So. 202. Continuity of possession will be presumed when it is shown that the owner was put in possession and that he was in possession nine years thereafter. 2 Mayfield's Dig. 79. When there is peaceable possession without dispute of right, it confers title under the rule of prescription, even as between tenants in common. Miller v. Vizzard Inv. Co., 195 Ala. 467, 70 So. 639; Bozeman v. Bozeman, 83 Ala. 416, 3 So. 784; Id., 82 Ala. 389, 2 So. 732. A mere claim of title or ownership is insufficient to rebut proof of peaceable possession, actual or constructive. Burkhalter v. Ala. M. L. Co., 206 Ala. 482, 90 So. 897. Equity has power to remove a cloud from title, independent of the statute. Hutson v. Campbell, 207 Ala. 637, 93 So. 539.

BROWN, J. (after stating the facts as above). The statement of the case filed herewith is sufficient to indicate the questions presented, and to demonstrate that the appellants' contention that complainant and those under whom he claims entered as tenants in common with John W. and Della Moore is untenable.

[1] The principle asserted by the appellants, that when one enters upon lands he is presumed to enter under the title which his deed purports on its face to convey, both as to the extent of the land and the nature of his interest, is unquestionably sound. Dew v. Garner, 207 Ala. 353, 92 So. 647, 27 A. L. R. 5; Joyce v. Dyer, 189 Mass. 64, 75 N. E. 81, 109 Am. St. Rep. 603.

[2] It is equally as true that a conveyance to a stranger to the title by one or more cotenants in possession, purporting to pass the entire title in severalty, and not merely such cotenant's individual interest, followed by an entry into actual possession, open and exclusive by such stranger under claim of ownership in severalty, amounts to a disseisin of the other cotenants, which if continued for the statutory period will ripen into a good title by adverse possession. Dew v. Garner, supra; Riggs v. Fuller, 54 Ala. 141; 7 R. C. L. 854, § 48, and authorities cited under note 5.

[3] The recital in the deed to Cannon that "the purpose of this conveyance is to convey 289 4/10 acres of land of the heirs of John C. Moore, deceased, situated in Fayette county, Alabama," clearly evinces a purpose to convey the entire title in severalty, without reservation or recognition of a continuing interest in the heirs of Moore.

[4] Under the alleged facts, Sidney J. Cannon, in view of the principle stated, entered not as a tenant in common with John W. Moore and Della Moore, but under a conveyance purporting to convey the entire title in severalty, and he and those claiming under him have held adversely to the world for a period of thirty-three years. During that time the respondents and those under whom they claim have not claimed or enjoyed any benefits of their ownership, and for more than 20 years they might have asserted their claim upon a denial of their rights. "This court has repeatedly held that the lapse of twenty years, without recognition of adversary right, or admission of liability, operates an absolute rule of repose." Kidd et al. v. Borum, 181 Ala. 144, 61 So. 100, Ann. Cas. 1915C, 1226; Abercrombie v. Baldwin, 15 Ala. 363; Johnson v. Toulmin, 18 Ala. 50, 52 Am. Dec. 212.

There is no predicate in the alleged facts for the application of the doctrine of laches against the complainant, nor is there any merit in the contention that an open, hostile holding may not be a peaceful possession.

The decree of the circuit court is free from error.

Affirmed.

ANDERSON, C. J., and SOMERVILLE, and THOMAS, JJ., concur.