185 So. 385

## ELSHEIMER v. PARKER BANK & TRUST CO.

### 6 Div. 380.

Supreme Court of Alabama.

Dec. 22, 1938.

St. John & St. John, of Cullman, for appellee.

Beddow, Ray & Jones, of Birmingham, for appellant.

KNIGHT, Justice.

Statutory proceedings to quiet title.

The bill was filed by the Parker Bank & Trust Company against the respondent —appellant here. The purpose of the bill was to quiet the title to certain described real estate, located near the City of Cullman, in Cullman County, Alabama.

■ The bill, as framed, meets every requirement as to jurisdictional averments, and the answer filed also seems to fully comply with the statute in such cases. So, then, the issues involved everything necessary to a determination by the Court as to whether the complainant or the respondent has the superior title to the property; and, in such circumstances, it is not only permissible, but proper, for the Court to decree in which of the parties the title to the property resides. Collier v. Alexander, 138 Ala. 245, 36 So. 367; Reeder v. Cox, 218 Ala. 182, 118 So. 338; Grayson v. Muckleroy, 220 Ala. 182, 124 So. 217.

It appears from the testimony in the case that the respondent was at one time the wife of one John B. Deerr; that while this relationship existed Elfrieda Kellhofer, and her husband, executed to the said John B. Deerr and his said wife a deed conveying to them jointly the property involved in this litigation. This deed was executed and delivered on February 20, 1915. The evidence, on behalf of the complainant as well as of the respondent, shows that the property was bought and paid for by the husband, and that Deerr, the husband, did not know that the wife's name had been inserted in the deed as one of the grantees until about the time the bill in this cause was filed. Up to the filing of the bill, it is certain from the evidence that the wife had never asserted any claim to said property.

It further appears from the evidence that the said Deerr and his wife were divorced in 1925, and that Deerr, by way of alimony and settlement of property rights, paid his said wife $6,000. This money was borrowed on mortgage executed by said Deerr and the respondent, his then wife, on the property here involved, which was at the time their homestead, and on other properties owned by said Deerr, the husband. It also appears that when this settlement was under consideration and in progress, the wife insisted that she wanted a cash settlement for all her interest in her husband's property. Before the settlement was made the respondent had abandoned the property, and since that time, 1925, she has not returned, and never asserted any title to, nor interest in the property until this bill was filed.

The evidence, without dispute, shows that the husband paid and discharged the mortgage, given to secure the funds which he paid to his said wife at the time of the divorce.

The testimony further shows, without dispute, that, after the respondent and the said John B. Deerr were divorced, the said John B. Deerr married again, and that after said marriage, Deerr and his second wife sold and conveyed said property to one W. O. Kelley, by deed with full covenants of warranty, and undertaking to convey full title to the property, not simply an undivided interest. This conveyance was executed and delivered to Kelley on June 20, 1927. Possession thereunder was immediately delivered to said Kelley, and he remained in the continuous adverse possession thereof, claiming exclusive title, to the time of his death. Thereafter, the administratrix of said W. O. Kelley, deceased, under a decree of the Circuit Court of Cullman County, executed to the complainant a mortgage on the property involved here, conveying on its face full title and interest therein to secure an indebtedness of $11,509.95, owing by said Kelley to the Bank. Default was made in the payment of this indebtedness, and the mortgage was duly foreclosed on January 11, 1937, and bought in by the complainant.

The complainant still owns said property. On its face, the deed of foreclosure purports to convey full title to, and interest in the property. Since that date, the complainant has been in the continuous adverse possession of the property, claiming the exclusive title thereto, as against the respondent and all others.

The evidence shows conclusively that for more than ten years, prior to the filing of this suit, under deeds of conveyance purporting to convey the entire fee, the complainant, and those under and through whom it acquired title, have been in the continuous, adverse possession of the property, claiming the exclusive title thereto.

Thus it appears that the complainant and those through whom it claims title did not become, nor did they enter into possession as tenants in common with the respondent, but each entered as a stranger, under a deed purporting to convey the entire interest in the property, and claimed the same exclusively as his own.

■ In an unbroken line of cases, we have held that when one "enters upon land he is presumed to enter under the title which his deed purports upon its face to convey, both as respects the extent of the

land and the nature of his interest." Dew v. Garner, 207 Ala. 353, 92 So. 647, 648, 27 A.L.R. 5; Joyce v. Dyer, 189 Mass. 64, 75 N.E. 81, 109 Am.St.Rep. 603; Moore et al. v. Elliott, 217 Ala. 339, 116 So. 346.

Here we have no sale between tenants inter sese, but a case where one tenant in common (treating the respondent as a tenant in common with the said John B. Deerr) has sold the property to a stranger by an instrument purporting to vest the fee to the entire property in the grantee, and where this grantee entered, asserting open and exclusive ownership thereof, in severalty. This was an ouster of respondent as a cotenant, and converted the possession of Kelley, the purchaser, into an adverse possession, which, if continued the length of time prescribed by the statute, would bar entry by the respondent-cotenant. Riggs v. Fuller et al., 54 Ala. 141; Fielder, Ex'r v. Childs, 73 Ala. 567; Dew v. Garner, supra; Short v. De Bardeleben Coal Co., 208 Ala. 356, 94 So. 285; Moore et al. v. Elliott, supra; Black et al. v. Black et al., 233 Ala. 425, 172 So. 275.

The evidence abundantly shows that the complainant and those through whom it acquired title have been in the continuous, adverse possession of the property, under claim of exclusive ownership, for more than ten years. At no time has any right or interest of respondent, Carrie Elsheimer, in the property been recognized. Assuming that originally Mrs. Elsheimer was a joint owner, or tenant in common with her then husband of the property, she was barred, at the time this bill was filed, of entry by the adverse possession asserted and maintained, for the statutory period necessary to create a bar, by the complainant, and those through whom it acquired title and possession.

We are, therefore, at the conclusion that the respondent was, at the time of the filing of the bill, without title or interest in the property; and that the complainant as against the said respondent is the owner of the entire fee, in severalty. Authorities supra.

The decree of the Circuit Court is in consonance with the foregoing opinion, and is due to be affirmed. It is so ordered.

Affirmed.

GARDNER, BOULDIN, and FOSTER, JJ., concur.