4 So.2d 138

**BEARDEN et al. v. ORR et al.**

**8 Div. 88.**

Supreme Court of Alabama.

Oct. 9, 1941.

Street & Orr, of Guntersville, for appellants.

Scruggs & Creel, of Guntersville, for appellees.

BROWN, Justice.

This is a bill filed under § 9331 of the Code of 1923, § 186, Tit. 47, Code of 1940, for the sale of lands for division of the proceeds of the sale among the alleged joint owners, on the ground that it can not be equitably divided and partitioned among them.

Some of the defendants, appellants here, deny the alleged joint ownership and assert title in themselves. They also assert that they and those under whom they claim have been in the actual continuous adverse possession of said land for more than twenty years without the recognition of adverse interest.

The Circuit court, on final submission on pleadings and proof entered a decree for complainants ordering the sale of the land, hence this appeal.

The evidence is without dispute that the land in question consisting of one hundred and forty acres situated in Marshall County, was the homestead of John H. Bearden, deceased, who resided on it with his family consisting of a wife and six minor children. Said Bearden died on the 6th of March, 1912. He also had a minor daughter, then married, Omie Bearden Orr. He also left adult heirs by three former marriages, complainants being some of them. The land consisting of the homestead was all the land owned by Bearden. There was no administration on Bearden's estate. The widow, Frances G. Bearden, filed a petition in the Probate Court of Marshall County, alleging the death of said Bearden, that he left petitioner and six minor children, naming them, that he occupied said lands as a homestead, describing them by government survey numbers; that the same did not exceed in area and value that exempt to the widow and minor children, and that it was all the land owned by said Bearden at the time of his death. The petitioner also named the adult heirs and

gave their place of residence. Commissioners were appointed to set apart the exemption and made and filed their report describing the land and valuing it at $1,750, setting the same apart as exempt to the widow and minor children. The report was confirmed and ordered of record, but the decree did not ascertain and adjudge that said land was all the land owned by said Bearden at the time of his death.

The evidence is without dispute that the widow and said minor children continued in possession claiming adversely to other heirs, under said proceeding, without recognition of adverse right until the widow's death in 1933, and then the minor children at Bearden's death, including Omie Orr, participated in a division of said lands, dividing the same into twenty-acre tracts, and interchanged deeds with each other which were entered of record. Each improved his or her tract, and all built homes thereon except Omie Orr. She continued to cultivate her lands and they are still in possession.

During the twenty-six years all the complainants resided in Marshall County, some of the time and some of them all of the time, and were cognizant of the alleged proceeding in the Probate Court, and of the character of the claim and assertion of right of said defendants and their mother. And the complainants as the evidence shows, acquiesced therein, until this bill was filed in 1939.

One of the complainants during his examination as a witness, was asked by counsel for complainant, "If any of the complainants sold their interest in the land?" and replied: "They had none to sell."

■ The contentions of appellees, complainants in the Circuit Court, are first: That proceedings in the Probate Court were inefficacious to vest the title in fee in the widow and minor children, because the decree of that court did not judicially ascertain that the land involved was all the real estate owned by said Bearden at the time of his death, as required by §§ 4198, 4227, of the Code of 1907. And, second, that the fee in remainder was in all the heirs at law of said Bearden, including the complainants, and the holding and possession of the life tenant was not adverse to the remaindermen. As supporting this contention appellees cite Kidd et al. v. Borum, 181 Ala. 144, 61 So. 100, Ann.Cas.1915C, 1226, and other cases of like import sustaining the familiar doctrine that the possession of a life tenant, ordinarily, is not adverse to the title of the remainderman, but is a recognition thereof.

The contention is, not that the jurisdiction of the Probate Court was not properly invoked, but that the court failed to enter the appropriate decree judicially determining that the one hundred and forty acres of land occupied by Bearden was all the real estate owned by him at his death.

The evidence is without dispute that it was all the real estate Bearden owned, and is sufficient to reasonably satisfy us that it did not exceed in value two thousand dollars at that time. Therefore, as a matter of law, the widow and minor children were entitled to have the same set apart as exempt to them, and have an adjudication in the decree of the necessary facts to vest them with the legal title, and they should not be deprived of their rights by the court's failure to enter a proper decree. This is a clear case where a court of equity should, on its jurisdiction being properly invoked, intervene at the instance of those whose possession covered more than twenty years, cure the defect in the proceedings by quieting the title in said surviving exemptioners.

■ There is another phase, which necessitates the dismissal of the bill. The proceedings in the Probate Court, of which complainants had notice, were an open avowal of ownership by the widow and minor children of the property in fee, and though the decree was defective the proceedings of record constituted color of title, a holding under which, for twenty years, without recognition of adverse interest, would foreclose inquiry into the title. Bates et al. v. Flowers et al., 220 Ala. 205, 124 So. 661; Moore et al. v. Elliott, 217 Ala. 339, 116 So. 346.

The foregoing is sufficient to indicate that the Circuit Court erred in decreeing a sale of the property for division, and that decree is reversed and one will be here rendered dismissing the bill at the cost of the complainants, in this court and in the Circuit Court.

Reversed and rendered.

GARDNER, C. J., THOMAS, and FOSTER, JJ., concur.