# 560

103 So.2d 157

**John H. QUICK et al.**

v.

**Annie QUICK et al.**

6 Div. 167.

Supreme Court of Alabama.

April 10, 1958.

Rehearing Denied June 12, 1958.

Robt. A. Sapp, Cullman, for appellants.

Julian Bland, Cullman, for appellees.

SIMPSON, Justice.

Statutory bill to quiet title in appellees to certain real estate in Marshall County, formerly the homestead of Jesse Quick, deceased. The appeal is from a favorable final decree.

The salient facts are:

Jesse Quick was twice married, appellee Annie Quick being his second wife. The appellants are the children of Jesse by his first wife who died prior to his second marriage to Annie. Jesse married Annie September, 1911, and the couple lived together until October 7, 1929, when Jesse Quick died, leaving Annie Quick as his widow and six minor children who are the appellees.

But Annie had also been married to one Edwards in 1901. Edwards absconded and left for parts unknown in the year 1904 and was not again heard from until he returned to Cullman County in 1919.

Shortly after Jesse Quick's death in 1929 Annie Quick undertook proceedings in the Probate Court of Cullman County to have the homestead, the real estate in the subject suit, set aside to her and her six minor children of Jesse Quick in fee simple. The petition and other proceedings including the final decree were regular and the decree duly vested in appellee and her six minor children the homestead of Jesse Quick in fee simple. The decree vesting title in them was under date of July 1, 1930. Annie and her six minor children continued to live on this homestead from that date for many years, and Annie until recently, when she moved to Birmingham to live with one of her children. From the date the title was vested in the appellees by the homestead proceedings they have been in the exclusive, actual, adverse possession of the property, annually assessing it for taxes and paying the taxes thereon. This status with reference to the property and the adverse possession of the appellees continued to obtain for more than twenty years after the title was vested in them by the said probate proceedings and until 1954 when the appellants (the children of Jesse Quick by his first wife) began to claim some right to the property, thus precipitating the bill in the instant case by the appellees to quiet the title.

It might also be observed that the appellants had due notice of the probate proceedings wherein the title to the property was vested in appellees, and all the while were

cognizant of the appellees' adverse possession.

The trial court entered a final decree quieting the title in the appellees, and we affirm the holding. The case appears to us to be quite simple, although the trial court did not rest his holding on the principle we think is conclusive.

We deem it unnecessary to go into the various questions raised with reference to the status of Annie Quick having been married to Jesse Quick when her first husband was living and remained away in parts unknown for more than fifteen years. We entertain the view that the cases of Bearden v. Orr, 241 Ala. 585, 4 So.2d 138 and Wilkerson v. Wilkerson, 230 Ala. 567, 161 So. 820, and perhaps others we have not labored to discover, sustain the holding of the trial court in quieting the title in appellees against appellants. The probate proceedings of record vesting the title to the homestead in the appellees constituted color of title and holding adverse possession of the property under such color of title for more than twenty years is conclusive against the appellants. As was observed by the court in the Bearden case, 241 Ala. 587, 4 So.2d 139:

"* * * The proceedings in the Probate Court, of which complainants had notice, were an open avowal of ownership by the widow and minor children of the property in fee, and though the decree was defective and the proceedings of record constituted color of title, a holding under which, for twenty years, without recognition of adverse interest, would foreclose inquiry into the title. Bates v. Flowers, 220 Ala. 205, 124 So. 661; Moore v. Elliott, 217 Ala. 339, 116 So. 346."

One of our leading cases discussing the principle and supporting the conclusion attained is the Wilkerson case, supra.

Affirmed.

LIVINGSTON, C. J., and GOODWYN and COLEMAN, JJ., concur.