S. Samuel Di Falco, S.
The application for approval of the sale of the residence owned by the deceased is granted upon consent upon the terms set forth in the contract of sale annexed to the petition.
The court in its prior decision (Matter of Holt, N. Y. L. J., June 6, 1957, p. 7, col. 8) disposed of the objections which put in issue the question as to the ownership of the real property which is the subject matter of the present sale. As against the *972 contention of deceased’s mother, the administratrix, the widow, was upheld in her claim that the property was individually owned by her intestate. The fact that other assets in the estate proved insufficient to discharge the expenses of its administration and to provide funds for the payment of deceased’s debts and funeral expenses, made it necessary for the administratrix to assume the duties and rights conferred upon her under section 123 of the Decedent Estate Law, and to take possession of the property and obtain permission for its sale.
The building was erected by deceased some years prior to his marriage. Until that event took place he and his mother occupied it jointly. The deceased left his mother in possession rent, free for the period which followed his marriage and ended with his death which took place on February 7, 1955. The administratrix who qualified on March 10, 1955, made no attempt to interfere with the senior Mrs. Holt’s occupancy of the premises until the account was filed on June 5, 1956, at which time she made demand upon the respondent to remove from the premises or to pay rent.
It is the position of deceased’s mother that as a distributee in possession she was not required to pay rent to her cotenanl and that no liability exists for her occupancy of the premises. The rule in such a situation has perhaps nowhere been set forth more clearly than in the opinion of Mr. Surrogate Bennett in Matter of Gandy (14 Misc 2d 472, 473-474) which in part reads:
“ The accountant objects to any surcharge as against her individually for rent on the theory that since she is a devisee (together with the objectant) of the premises in question, she cannot be charged for rent because she is a cotenant. It is the general rule that a cotenant is not liable to another cotenant for rent. American Law Reports, Second Series (Vol. 51, pp. 413-414, § 8) states: ‘ The rule which prevails in the
majority of jurisdictions, founded on the plainest principles of property ownership, is that, absent statute construed to work a different result (see § 11, infra), a tenant in common, joint tenant, or coparcener who has enjoyed occupancy of the common premises or some part thereof is not liable to pay rent to the others therefor, or to account to them respecting the reasonable value of his occupancy, where they have not been ousted or excluded ’ (citing New York cases).
‘ ‘ "Where, however, there is an ouster, or where there are acts amounting to a denial of the rights of a cotenant, the tenant in possession may be charged with rental [Limberg v. Limberg, 256 App. Div. 721, affd. without opinion 281 N. Y. 821).
*973 “ The court in Matter of Draser (81 N. Y. S. 2d 648, 651) discussed ouster, saying: ‘ It would seem, however, that the mere assumption of the power to manage the realty and collect rents under section 123 of the Decedent Estate Law is sufficient ouster of the cotenants to render a distributee in possession liable for rent. In Limberg v. Limberg, 256 App. Div. 721, 11 N. Y. S. 2d 690, affirmed 281 N. Y. 821, 24 N. E. 2d 488, an administratrix was authorized to recover rent from a distributee in possession. Her status as legal representative was held to be distinct from her status as an heir at law.”
Adopting the reasoning of the cited cases, the court holds that the respondent’s liability for the payment of rent became fixed when she was served with the petition and account in June, 1956. In accordance with the stipulation fixing the reasonable rent at $70 a month, she is chargeable with the total of $1,050 against which she is entitled to a credit of $480, representing the aggregate payments made by her on account, leaving a balance due of $570.
The adjustment may be made in the decree which will be submitted after an affidavit is filed bringing the account down to date and reflecting the receipt of the proceeds of the sale of the property.
The intermediate decree authorizing the sale has been signed.
Proceed accordingly.