WRIGHT, Retired Appellate Judge.
Pink Cox filed a complaint in the Cren-shaw County Circuit Court against 30 family members and the heirs of three deceased family members (“cotenants”). Cox sought to quiet title to 80 acres of property. His son, Joe Cox, who was also named as a defendant, died before trial. Neither an administrator nor an executor was substituted on behalf of Joe Cox.
The cotenants answered and counterclaimed, seeking the division of, and the *2 sale of, the property and an attorney fee. Following oral proceedings, the trial court entered a judgment, awarding Cox one-third ownership of the property and dividing the remaining two-thirds of the property between the cotenants. The trial court found the property could not be equitably divided and ordered the property sold at a public sale. The trial court also found that the attorneys for all parties were entitled to a reasonable fee from the proceeds of the sale. Cox filed a motion for a stay of execution and a motion for a new trial. The trial court entered a stay of the public sale for approximately 80 days, until it held a hearing on Cox’s post-judgment motion.
Following a hearing, the trial court denied Cox’s post-judgment motion, granted Cox’s request that a supersedeas bond amount be set, and set the supersedeas bond amount at $10,000.
Cox appeals, contending that the trial court erred in failing to find that his redemption of the property in 1934 was sufficient to establish ownership of the property and in failing to find that he had established ownership of the property by adverse possession. This case is before this court pursuant to § 12-2-7(6), Ala.Code 1975.
The record reveals that Julius King, a relative of Cox and the cotenants, owned the 80-acre property. Cox testified that Robert R. Folmar bought the property at a tax sale in 1932 and that Cox redeemed the property in 1934, paying Folmar $40.
Cox testified that he built a fence around the property to raise “milk cows,” that he tore down the old house on the property, and that he rented the property to his son to raise cattle. He also testified that he cut timber on the property, that he kept the money for the timber, and that he has paid the property taxes since 1934. Cox further testified that over the years, he told his relatives that he owned the property. According to Cox, no one disputed his ownership of the property until he filed his lawsuit.
With regard to redemption by a cotenant, our supreme court has held as follows:
“In this jurisdiction it is established, by a long line of decisions, that a redemption of property by one cotenant from mortgage, or tax sales, or a purchase before the time of redemption has expired, and the discharge of other liens, will inure to the benefit of all the coten-ants, who may, within a reasonable time, elect to avail themselves of the redemption, or of the purchase, by making, or offering to make, their proportionate contribution to the redemption of said property, or its purchase, with interest thereon.”
Salter v. Odom, 240 Ala. 462, 464-65, 199 So. 687, 688 (1940) (citations omitted). See also Dominex, Inc. v. Key, 456 So.2d 1047 (Ala.1984); Reed v. Dunn, 392 So.2d 1173 (Ala.1981). “[T]he right of a former tenant in common to rehabilitate his cotenan-cy interest arises whether the redemption is direct or through a succession of transactions.” Reed, 392 So.2d at 1175 (citation omitted).
The record is devoid of any evidence that in the 63 years before trial, the cotenants or their parents (Cox’s brothers and sisters) ever offered to pay, or paid, their proportionate contribution, plus interest, to the redemption of the property. Therefore, we conclude that neither the cotenants nor their parents “elect[ed] to avail themselves of the redemption.”
Cox also argues that he owns the property by adverse possession.
In order for a tenant-in-common to adversely possess the property, the coten-ant must assert complete ownership to the property to support a conclusion of ouster. Spiller v. Mackereth, 334 So.2d 859 (Ala.1976). Our supreme court has held that the assertion of ownership may be established as follows:
“Some cases find an assertion of complete ownership from a composite of activities such as renting part of the land *3 without accounting, hunting the land, cutting timber, assessing and paying taxes and generally treating the land as if it were owned in fee for the statutory period. See Howard v. Harrell, 275 Ala. 454, 156 So.2d 140 (1963). Other cases find the assertion of complete ownership from more overt activities such as a sale of the property under a deed purporting to convey the entire fee. Elsheimer v. Parker Bank & Trust Co., 237 Ala. 24, 185 So. 385 (1938). But whatever factual elements are present, the essence of the finding of an ouster in the adverse possession cases is a claim of absolute ownership and a denial of the cotenancy relationship by the occupying cotenant.”
Spiller, 334 So.2d at 861.
After carefully reviewing the record, we conclude that Cox established that he has adversely possessed the property for more than the 10 years required by § 6-5-200, Ala.Code 1975, or the 20-year prescription period. Garringer v. Wingard, 585 So.2d 898 (Ala.1991). Therefore, we conclude that the trial court erred in dividing the property between Cox and the cotenants and in ordering the property sold at public sale. The judgment of the trial court is reversed and this case is remanded to the trial court for entry of a judgment consistent with this opinion.
The cotenants’ request for an attorney fee on appeal is denied.
The foregoing opinion was prepared by Retired Appellate Judge L. Charles Wright while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Ala.Code 1975.
REVERSED AND REMANDED.
MONROE and THOMPSON, JJ., concur.
ROBERTSON, P.J., and YATES and CRAWLEY, JJ., concur in the result.